IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **HARRISON ROGERS** | § | |
| | § | |
| | § | CIVIL NO. _____ |
| **VS.** | § | **JURY** |
| | § | |
| **MUD TECHNOLOGY** | § | |
| **INTERNATIONAL, INC.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 Section 2000e - 5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. Sections 2000e et. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment and (b) 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, providing for equal rights of all person and every state and territory and the jurisdiction of the United States.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendants are doing business in the Tyler Division, in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

3. The company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section

2000e (b)(g)(h).

4.  Since at least September 1, 2003, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5.  Within 180 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about April 9, 2009, against the company.

6.  On January 15, 2010, Plaintiff received a "Notice of Right to Suit" from the Dallas District office of the Equal Employment Opportunity Commission and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## PARTIES

7.  Plaintiff, **HARRISON ROGERS** is an individual residing in the Eastern District of Texas. Defendant, **MUD TECHNOLOGY INTERNATIONAL, INC.** has continuously been and is now a foreign corporation doing business in Athens, Henderson County, Texas. Defendant's Registered Agent is John Ike Miller II to whom process may be forwarded at 2610 Hwy 31 W, Athens, TX 75751. The company has continuously and does now employee more than five hundred (500) persons.

## CLAIM FOR RELIEF

8.  Plaintiff is an African American employee of Defendant. Plaintiff was employed with **MUD TECHNOLOGY INTERNATIONAL, INC.** in the position of painter, electrician's helper and welder's helper. The usage of the word "Nigger" was often used and towards me as a person by administrative heads and employees alike. Mud Tech discriminated against Plaintiff in wage and/or pay increases. I worked for this company for a full year and never received a pay raise. Other employees similarly situated received pay raises, even those with less seniority, particularly whites.

I complained about the race discrimination first to my Production Supervisor, Danny Harding, and then to the CEO/Owner John Miller.  On January 8, 2009, John Miller told Danny Harding, "That nigger ain't no painter.  Fire him or I will."

9.      Plaintiff was terminated in violation of company policy in that he was not afforded any notice of his performance deficiencies as were similarly situated non-African American employees. At all times relevant hereto, Plaintiff has been discriminated against by Defendant with respect to compensation, terms, conditions, privileges, and opportunities of employment and has been subject to those illegal acts, practices, and conduct alleged in this Complaint.

10.     At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff, as an African American by *inter alia*:

   a. Failing to equalize conditions of employment for Plaintiff as contrasted with Caucasian employees;

   b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of Caucasian employees.

   c. Denying Plaintiff positions of employment and promotions because he is African American.

## DAMAGES

11.     Plaintiff would show the court that he has suffered actual damages for lost back wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

12.     Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

13.     Defendant intentionally inflicted extreme emotional distress upon Plaintiff by life as a direct result of Defendant's discriminatory employment practices described above. Plaintiff has suffered

extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's conduct.

14. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff:

a. Requiring that Defendant pay over to Plaintiff the actual, compensatory damages suffered by Plaintiff by reason of Defendant's illegal acts and practices, including adjusted pay, with interest, and additional amount as liquidated damages;

b. Requiring Defendant pay to Plaintiff damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

c. Requiring Defendant to pay Plaintiff in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff;

d. Requiring that Defendant pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
William S. Hommel, Jr., P.C.
130 Shelley Dr., Suite C
Tyler, Texas  75701
(903) 596-7100
(903) 596-7464 Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF